UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA

    v.

GLENROY WALKER,

                             Defendant.
-------------------------------------------------------------x

**ORDER**

No. S4 23-CR-662 (CS)

CATHY SEIBEL, United States District Judge:

      Before the Court is Defendant's motion for bail pending appeal. (ECF No. 248.) A person who has been found guilty of an offense, has been sentenced to a term of imprisonment, and has filed an appeal, must be detained unless the Court finds:

    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and

    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). "[O]n all the criteria set out in subsection (b) [of section 3143], the burden of persuasion rests on the defendant." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985).

      I need not address subsection 3143(b)(1)(A), because Defendant has not met his burden under subsection 3143(b)(1)(B). "[A] substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.*[1] "If a court does find that a question raised on appeal is

---

[1] Unless otherwise indicated, case quotations omit internal quotation marks, citations, alterations and footnotes.

'substantial,' it must then consider whether that question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.*

Defendant merely lists issues he believes raise substantial questions, but "does not argue how or why any raise a substantial question of law or fact or are so integral to the merits that they would likely require reversal, new trial, or non-imprisonment. Without further development, [Defendant] has not met his burden on this element." *United States v. Connelly*, No. 16-CR-125, 2018 WL 6309052, at *2 (D. Conn. Dec. 3, 2018).[2] But even if I were to infer from Defendant's post-trial submissions what he is getting at, his application would fail.

He first suggests that his standby counsel was ineffective. This argument is meritless for three reasons. First, "a defendant has no constitutional right to standby counsel after he waives his Sixth Amendment rights. And absent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective." *United States v. Archambault*, 740 F. App'x 195, 199 (2d Cir. 2018) (summary order). Second, even if Defendant could raise ineffectiveness claims against standby counsel, none of the alleged failings to which he pointed in his sentencing memorandum, (ECF No. 238-1 ("Sent. Mem.") at 12-20, 30--36), even if true, would have made any difference to the outcome. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Third, having presided over this case since it was indicted, the Court's observation is that

---

[2] The Court will send Defendant copies of any unreported decisions cited in this Order.

standby counsel Benjamin Gold has done an outstanding job under difficult circumstances. He has been remarkably patient, conscientious, discreet and protective of Defendant's rights.

Defendant next suggests that his rights were violated by "irregularities" related to "arrest and search." (ECF No. 248 at 1.) He apparently refers to his arrest on a bench warrant following his failure to appear in court as required. (*See* Sent. Mem. at 17-20, 36-37, 42-43 & Ex. K.) As the record amply supported the issuance of the warrant, (*see* ECF No. 227; Transcript of Sentencing dated September 12, 2025, at 11-12), and as there is no evidence that any search was conducted, let alone that evidence from any search was introduced at trial, no violation of Defendant's rights has been shown.

Defendant's *habeas* petition, filed before there was a judgment in existence to challenge, was properly rejected as premature, (*see* ECF No. 218), and the rejection of petitions filed by third parties was proper, given that Defendant was capable of filing a *habeas* petition himself, and in fact did so, (ECF No. 215; *see* ECF No. 212), the same week his wife tried to file one, (Sent. Mem. Ex. D). *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("[A] 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action.").

His complaints about jury selection, (Sent. Mem. 27-30), have no support in the record. The same is true with respect to his Speedy Trial Act claims, (*id.* at 34-36), which wholly ignore the consensual, documented and justified exclusions of time. The Court properly denied subpoenas for witnesses whose relevance Defendant could not explain, (*see* ECF No. Trial

Transcript dated March 17, 2025, at 19-24), and Defendant's nonsensical IRS and UCC filings, (Sent. Mem. 23-24, 40-41 & Ex. H), likewise had no relevance to the case.

      For the above-stated reasons, the motion for bail pending appeal is denied. The Clerk of Court is respectfully directed to terminate ECF No. 248 and to send a copy of this Order to Glenroy Walker, USM No. 62505-510, c/o Westchester County Department of Corrections, 10 Woods Road, Valhalla, NY 10595.

**SO ORDERED.**

Dated: October 17, 2025
       White Plains, New York

                                                CATHY SEIBEL, U.S.D.J.